received from the city.    The defendant London Guarantee and Accident Company claimed part of the moneys by virtue of a warrant of attachment against Long. The trial court awarded the entire fund to the defendant United States Fidelity and Guaranty Company.

*Thomas C. Burke* for plaintiff, appellant.

*George H. Kennedy* for defendant, appellant.

*George P. Keating* for United States Fidelity and Guaranty Company, respondent.

*William S. Rann, Corporation Counsel,* for city of Buffalo, respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin and Crane, JJ.    Absent: Andrews, J.

---

HERBERT S. JANES, Appellant, *v.* LAUREL RIVER LOGGING COMPANY, Respondent.

*Contract — commissions — evidence — action to recover commissions to be paid on " gross selling price " of timber — when evidence as to estimate of amount of timber on land incompetent.*

*Janes* v. *Laurel River Logging Co.,* 204 App. Div. 889, affirmed.
(Argued May 4, 1923; decided May 29, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 20, 1922, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial. The action was to recover commissions for obtaining a purchaser for certain standing timber belonging to defendant under a contract whereby he was to receive as such commission " 3½% of the gross selling price." The contract of sale fixed the selling price per thousand feet of each of the various kinds and qualities to be paid for by the purchaser as and when cut over a period of years.   Plaintiff was permitted to introduce testimony estimating the amount of timber on the property and on the evidence the jury returned a verdict in his favor. The Appellate Division reversed the judgment entered

theieon upon the ground " that the contract is definite on its face and that the evidence offered is not admissible to alter or change the effect thereof; that plaintiff was to be paid a commission on the gross selling price of the timber, but in place thereof he has recovered judgment based upon an estimate made by some other person upon the amount of timber on the property."

*William H. Janes* and *D. Theodore Kelly* for appellant.
*Cornelius C. Webster,* · *Paul Bonynge* and *Werner Ilsen* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

WILLIAM H. BALDWIN et al., Copartners under the Firm Name of WOODWARD, BALDWIN & COMPANY, Respondents, *v.* CARAVEL COMPANY, INC., Appellant.

*Contract — sale — action to recover for goods sold and delivered — defense of rescission.*

*Baldwin* v. *Caravel Co., Inc.,* 202 App. Div. 743, affirmed.
(Argued May 4, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1922, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover for goods alleged to have been sold and delivered. The defense was rescission on the ground that the shipment was not made as required by the contract and that the merchandise was not in accordance with the specifications. The trial court held that delivery had been made, that the right of inspection had been waived and that defendant had lost the right to rescind.

*Oswald N. Jacoby* and *Albert T. Scharps* for appellant.
*Joseph Rowan* for respondents.